MAX DANZIGER, Respondent, *v.* WILLIAM H. SIMONSON, Impleaded, etc., Appellant.

Under the provision of the New York city consolidation act (§ 1813, chap. 410, Laws of 1882), as amended in 1883 (§ 17, chap. 276, Laws of 1883), in reference to the enforcement of mechanics' liens, a lien ceases to bind the property after the expiration of ninety days from the time the claim is filed, unless the lienor within that time either commences an action to enforce the lien, and files a notice of pendency of the action, or unless he within that time be made a party to an action to enforce "any other lien," and in that action a notice of pendency is filed by him or in his behalf.

The words "any other lien" are not confined to other mechanics' liens, but include as well a lien by mortgage.

*People* v. *Richards* (108 N. Y. 137, 150); *Flanagan* v. *Hollingsworth* (2 How. Pr. [N. S.] 391); *McDermott* v. *McDonald* (18 J. & S. 153) distinguished.

Where, therefore, in an action to foreclose a mortgage upon property in said city given to secure future advances, a defendant set up a prior lien under a claim and notice of lien filed pursuant to said mechanics' lien law before the advances were made, and it appeared that said defendant did

not, within ninety days after filing his claim, commence an action to foreclose his lien, nor did he within that time file, or cause to be filed, a notice of pendency in the foreclosure suit, *held*, that said defendants' claim ceased to be a lien after the expiration of the ninety days.
Reported below, 21 J. & S. 158.

(Argued June 12, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 1, 1886, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel C. Moak* for appellant.     The filing of *lis pendens* by the plaintiff within ninety days from the time of filing lien by the appellant, enures to the benefit of all other defendants who have filed liens, and, therefore, the filing of *lis pendens* by the appellant herein was unnecessary. (*McDermott* v. *McDonald*, 18 J & S. 153; Laws 1878, chap. 315, § 4; Laws 1880, chap. 486, § 5; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Mack* v. *Phelan*, 93 id. 20; Code Civ. Pro. § 1631.)     The agreement by plaintiff with Kelly, and request by plaintiff that appellant furnish materials, makes the plaintiff liable for the debt, and so he becomes an original debtor. (*Lawrence* v. *Fox*, 20 N. Y. 265; *Ramy* v. *Mullen*, 5 Abb. N. C. 246.) Chapter 379 of the Laws of 1875 was not repealed by chapter 486 of the Laws of 1880. (*Keogh* v. *Mulry*, 18 J. & S. 183, 186; *McLaughlin* v. *Page*, 8 N. Y. S. R. 368; *McKenna* v. *Edmondstone*, 91 N. Y. 231.)     The words to enforce " any other lien " clearly mean any other lien such as the statute has under consideration, *i. e.*, any other lien of a similar character. (*People* v. *Richards*, 108 N. Y. 137, 147–150; *Flanagan* v. *Hollingsworth*, 2 How. 391, 394, 395; 108 N. Y. 621.)     There being then no statutory requirement that as against the plaintiff in this action he was required to file a *lis pendens*, the question is, what were their rights as against each other, independent of statute, and where there is no statute requiring a defendant to file such a notice ? (*McDer-*

*mott* v. *McDonald*, 18 J. & S. 153, 158, 159.) A *lis pendens* is not of itself a lien. It is simply a power or means of the court of giving notice to persons who may, pending a litigation, in good faith, deal with the legal owner of an alleged right or equity against or lien upon the property in controversy in the suit. (45 Am. Rep. 187; Phillip's Mechanic's Lien [2d ed.] §§ 269, 270; *Curtis* v. *Hitchcock*, 10 Paige, 403; *Sheridan* v. *Andrews*, 49 N. Y. 478, 481, 482; *Page* v. *Waring*, 76 id. 474; *Bennett* v. *Hotchkiss*, 20 Minn. 168; 1 Story's Eq. Juris. §§ 405, 406.) The *lis pendens* confers no jurisdiction upon the court to render any particular judgment or to administer any definite relief. (*Potter* v. *Rowland*, 8 N. Y. 451; *Curtis* v. *Hitchcock*, 10 Paige, 408, 409.) Where a defendant in suit sets up a set-off, counter-claim or other affirmative defense which he has a right to set up in the action, it is equivalent, so far as being barred by the statute of limitations or loss of any rights therein, to the affirmative commencement of an action on such claim. (*Hunt* v. *Spaulding*, 18 Pick. 521; Wood on Lim. § 282; Angell on Lim. § 316; 2 Story's Eq. Juris. § 1521.

*Lewis Sanders* for respondent.

HAIGHT, J. This action was brought to foreclose a mortgage. The defendant Simonson was made a party defendant, as having or claiming to have some interest in or lien upon the mortgaged premises, which interest or lien, if any, had accrued subsequently to the lien of the mortgage.

The answer interposed alleged, in substance, that the mortgage was executed by the defendant, Andrew Kelly, as a security for money thereafter to be advanced by the plaintiff, under an agreement, in writing, by which Kelly had agreed to erect four buildings upon the premises covered by the mortgage, and that the plaintiff was to advance $8,000 on each of such buildings as they progressed in construction; that the defendant, Simonson, furnished materials for such buildings, at prices agreed upon, and which, in the aggregate, amounted

to the sum of $2,715.73, and that he had filed in the office of the clerk of the county of New York a notice of his claim and a lien upon the four houses and premises; that at the time of filing such lien the plaintiff had not advanced upon the mortgage the sums of money agreed to be advanced. Other matters were alleged in the answer which it will not be necessary to here consider. He prayed judgment that the premises be sold, and that the moneys arising from the sale be brought into court, and that he be first paid the amount due upon his lien for materials furnished, with costs, etc.

Upon the trial it appeared that the defendant's lien was filed on the 18th day of April, 1884, and that on the 5th day of September, 1884, no notice of pendency of action to foreclose the lien had been filed. Thereupon the referee ruled out and excluded the evidence offered by the defendant, to prove the defenses alleged in his answer, and found as facts that the defendant had not filed any notice of pendency of any action to foreclose his lien within ninety days after the filling of such lien.

The question presented for review is as to whether the claim of the defendant continued a lien upon the premises after the expiration of ninety days from the time it was filed.

The statute in force at the time provided that "no lien provided for in this title shall bind the property therein described for a longer period than ninety days after the claim has been filed, unless an action be commenced within that time to enforce the same and a notice of the pendency of such action filed with the clerk of the county and an entry of the fact of such notice made on the lien docket. And where a claimant is made a party defendant to any action brought to enforce *any other lien*, the notice of the pendency of such action must be filed by him or in his behalf. But the neglect to file such notice shall not abate any action which may be pending to enforce the lien. Such action may be prosecuted to judgment against the persons liable for the debt." (Laws of 1882, chap. 410, § 1813, as amended by Laws of 1883, chap. 276.)

Under the first clause of the section it will be observed that no lien shall bind the property for a longer period than ninety days, unless an action be commenced within that time and a notice of the pendency of such action is filed with the clerk of the county. It is not claimed that the defendant, Simonson, had commenced an action to enforce his lien within that time or that he had filed such notice. His lien would, therefore, cease to exist after the expiration of ninety days, under the express provisions of the statute, unless it was saved by the foreclosure action instituted by the plaintiff.

The second clause of the section, as we have seen, provides that where a claimant is made a party defendant to any action brought to enforce *any other lien,* a notice of the pendency of such action must be filed, etc. Although he appeared in the foreclosure action and answered, he did not file any notice of the pendency of such action. If, therefore, the lien of the mortgage is one within the contemplation of this statute, the defendant's lien has expired and no longer exists, for he has omitted to comply with the provisions of the statute for continuing the life of his lien. It is contended, however, that the lien referred to in this connection means other mechanics' liens, and does not include a lien by mortgage; that the word " other," appearing in the statute, means the same class or kind previously described; and that, inasmuch as the chapter pertains to mechanics' liens, that other mechanics' liens than the defendant's were the liens referred to; and our attention is called to the case of *People* v. *Richards* (108 N. Y. 137–150). In that case the defendant had been convicted of the crime of burglary for violating a sepulcher. The question was as to whether the sepulcher was an erection or an enclosure within the meaning of the Penal Code. The words under construction were " other erections or enclosures." It was held in that case that the word " other " included things of a similar nature to those already described.

Another case to which our attention is called is that of *Flanagan* v. *Hollingsworth* (2 How. Pr. [N. S.] 391). The parties were owners of real estate in the same vicinity, which

was subject to a covenant that the owner would not erect any cow stable, hog pens, etc., or any other dangerous, noxious, unwholesome or offensive establishment, trade, calling or business, whatsoever. It was held not to exclude a livery stable; that effect must be given to each word of the covenant. It does not appear to us that this case affords much aid in the determination of the question under consideration.

Were the word "other" the only word to be construed, the former case would have some application, but in construing the provision we must consider that which precedes and follows in order, if possible, to determine the legislative intent. Where a claimant is made a party defendant to any action brought to enforce *any other lien* a notice of pendency, etc., must be filed. The word "other" is preceded by the word "any" and, under the rule of *Flanagan* v. *Hollingsworth*, we must give each word its appropriate meaning.

The word "any" is used in various ways and may convey different meanings. It may mean one or many, each or every. In some instances it means an indefinite number. The connection in which it is used in the statute under consideration appears to us to indicate each and every, and is the same as if the statute read "any action brought to enforce *each and every* other lien." It consequently appears to us that the statute is broad enough to include a mortgage lien and is not confined to mechanics' liens.

Again, it does not appear to us that it was the intention to limit the provision to mechanics' liens. The object of the notice of pendency of action was to give notice to subsequent purchasers or incumbrancers, and all persons interested, of the nature of the claim, that an action had been commenced upon it and was pending, so that purchasers, incumbrancers and persons having an interest might be warned and placed upon their guard. There is just as much necessity for a notice of pendency to be filed where a foreclosure action is brought as there is when an action is brought to foreclose another mechanics' lien. The notice of pendency filed by the plaintiff

in the foreclosure action gives notice only of the pendency of that action, and subsequent purchasers were informed as to the nature and amount of the claim; but if a mechanic's lienor is made a party defendant, a subsequent purchaser, in the absence of a notice of pendency, has no notice of the existence of his lien, its nature or amount. True, he may find that the original claim was filed, but upon an examination of the lien docket he finds that the ninety days have expired and no notice of any action brought. He has notice of the existence of the foreclosure action, but he may be willing to take title to the premises and assume the mortgage and pay the amount claimed in that action. All this he may do and have no notice, constructive or otherwise, of the existence of an answer, on the part of a lienor, in which a judgment is demanded for the sale of the premises and that his lien be first paid out of the proceeds.

It is claimed that this statute was construed in the case of *McDermott* v. *McDonald* (18 J. & S. 153). In that case the court was construing section 4 of chapter 315 of the Laws of 1878. That section was similar to· the provisions of the first clause of the section we have under consideration; but it did not contain the latter clause, which we are here called upon to construe. It does not, therefore, become a precedent that aids us in this case.

For these reasons the judgment should be affirmed, with costs.

PARKER, J. I concur in the result reached by Judge HAIGHT. The statute (Laws of 1882, chap. 410, § 1813, as amended by the Laws of 1883, chap. 276) provides, in effect, that the lien provided for by that act shall not bind the property for a longer period than ninety days after the claim has been filed, unless, first, the lienor commence an action within that time to enforce the same ; or, second, the claimant be made a party defendant in an action brought to enforce any other lien and in which a notice of pendency of such action shall be filed by him, or in his behalf.

This defendant did not commence an action within the prescribed ninety days. Neither was a notice of pendency of

action filed by him, or in his behalf, in this or any other action brought to enforce a lien.

It follows that at the expiration of ninety days his claim ceased to be a lien binding upon the real estate in controversy, and the decision of the referee was, therefore, warranted.

All concur; PARKER and BROWN, JJ., in result as stated in the opinion of PARKER, J.

Judgment affirmed.