may revise and correct it as to such parcel by adding to the amount finally found in favor of Dennis G. Brussel and Herbert S. Brussel, as substituted trustees under the will of Adolph Brussel, owners, the sum of $3,000, so that their final award for it will be the sum of $155,500 instead of $152,500.

It will be noted that the separate finding of the commissioners made relative to trade fixtures has not been disturbed. The owners of damage parcel No. 48 urge that the award for the same is inadequate; but after a consideration of the evidence and the arguments of counsel for the respective parties made with respect thereto I see no reason for disturbing the findings of the commissioners as to the same.

The counsel for the owners of damage parcels Nos. 32 and 48 contend finally that costs should be allowed to them; but as there is no statute which provides for costs or allowances in this proceeding none can be allowed. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413; Matter of Rapid Transit Railroad Com'rs, 197 N. Y. 81, 90 N. E. 456.

My conclusion, therefore, is that the report of the commissioners should be confirmed as to all damage parcels except Nos. 13, 24, 25, 32, and 42, with interest upon the respective sums finally awarded from February 1, 1907, to the date of payment of such awards, at the legal rate (see Greater New York Charter, § 1439, as amended by Laws 1905, c. 512); that the objections to the awards for damage parcels Nos. 24 and 42 should be sustained, and that unless the parties in interest will agree upon a reduction of the awards made therefor the matter will be referred to new commissioners to reconsider the subject-matter thereof; that the objection to damage parcels Nos. 13 and 25 should also be sustained, and that the matters arising in relation thereto will also be referred to new commissioners; and that the report as to damage parcel No. 32 should be referred back to the same commissioners for revisal and correction as above indicated.

---

JOHN A. PHILBRICK & BRO. v. IGNATZ FLORIO CO-OP. ASS'N among CORLEONESI et al.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. MECHANICS' LIENS (§ 260*)—EXTINGUISHMENT OF LIEN.

Under Lien Law (Consol. Laws, c. 33) § 17, providing that, if the lienor is made a party defendant in an action to enforce another lien, the lien of such defendant is thereby continued, the action to foreclose "another lien" which will keep alive a lien filed by a defendant to the action is an action for the foreclosure of a lien created by the lien law, and not an action to foreclose a mortgage, although that in a sense is a lien upon the property.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 260.*]

2. WORDS AND PHRASES—"ANOTHER."

The word "another," as used in Lien Law (Consol. Laws, c. 33) § 17, providing that, if the lienor is made a party defendant in an action to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

enforce another lien, the lien of such defendant is thereby continued, is equivalent to "other."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 406–407.]

Appeal from Special Term, New York County.

Action by John A. Philbrick & Bro. against the Ignatz Florio Co-operative Association among Corleonesi and another, and John J. Dowling and another. From an order denying a motion to confirm the report of the referee, John J. Dowling and another appeal. Reversed, and motion granted.

See, also, 132 App. Div. 931, 117 N. Y. Supp. 1137.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Maxwell C. Katz, for appellants.
Noah A. Stancliffe, for respondents.

SCOTT, J. This is an appeal from an order denying a motion to confirm a referee's report in surplus money proceedings.

The contest is between lienors under a mechanic's lien and the holder of a mortgage. Both were filed on the same day the lien anticipating the mortgage by a few minutes. The question is whether or not the lien was kept alive. The statute applicable is section 16, c. 418, Laws 1897, now section 17, c. 33, Consolidated Laws 1909, which read as follows:

"No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed, containing the names of the parties to the action, the object of the action, a brief description of the real property affected thereby, and the time of filing the notice of lien; or unless an order be granted within one year from the filing of such notice by a court of record, containing such lien, and such lien shall be redocketed as to the date of granting such order and a statement made that such lien is continued by virtue of such order. No lien shall be continued by such order for more than one year from the granting thereof, but a new order and entry may be made in each successive year. If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. The failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the notice of lien, and the action may be prosecuted to judgment against such person."

The lien in question was filed on April 2, 1908; and it is conceded upon the record that no order was obtained extending it, and no action brought to foreclose it within a year after its filing, and no action brought to foreclose any other mechanic's lien to which the holders of this lien were made parties defendant. The present action was to foreclose a mortgage, and the lienors were made parties defendant and duly appeared. The action was begun in August, 1908, a sale had on May 15, 1909, and the surplus moneys paid into court on June 29, 1909. If the lien was a valid and subsisting lien upon the property at

the time of the foreclosure sale, it became transferred to and a lien upon the surplus moneys at that date, but, if it had ceased to be a valid lien upon the property at the time of the sale,. there was nothing to transfer to the fund.   Nutt v. Cuming, 155 N. Y. 309, 49 N. E. 880. The sale in the present case took place more than a year after the lien was filed, and as no order was obtained extending it, and no action begun to foreclose it, and the lienors were not made parties defendant in an action to enforce another mechanic's lien, it lapsed and ceased to be a lien on the property before the sale took place unless it was kept alive by the commencement of this present action.   The language of the statute is:

"If the lienor is made a party defendant in an action to enforce another lien  *  *  *  the lien of such defendant is thereby continued."

It is undoubtedly true that in general mortgages, judgments, and the like are included within the term "lien," but in the lien law they are uniformly differentiated from the particular class of liens provided for by that law.   Thus, under section 44 of the present law, it is provided that among those to be made parties defendant in an action to foreclose a mechanic's lien are:

"(1) All lienors having liens against the same property or any part thereof. (2) All other persons having subsequent liens or claims against the property by judgment, mortgage or otherwise."

To the same effect were section 3402, Code Civ. Proc., and section 5 of the lien law of 1897.   So also by section 2 of the lien law it is provided that:

"The term 'lienor' when used in this chapter means any person having a lien upon property by virtue of its provisions, and includes his successor in interest."

We think that the clear meaning and intent of the statute is that the action to foreclose "another lien" which will keep alive a lien filed by a defendant to the action is an action for the foreclosure of a lien created by the lien law, and not an action to foreclose a mortgage, although that in a sense is a lien upon the property.   In opposition to this view we are referred to Danziger v. Simonson, 116 N. Y. 329, 22 N. E. 570, upon which the court below relied.   That case, however, is clearly distinguishable.   That also was an action to foreclose a mortgage, and the lienor was made a party defendant.   He interposed an answer asserting his lien and claiming priority even over the plaintiff. He had failed to keep his lien alive by commencing an action within the time prescribed by statute, but claimed that it had been continued by reason of the commencement of the action to foreclose the mortgage. The statute in force provided:

"And when a claimant is made a party defendant to an action brought to enforce any other lien, the notice of pendency of such action must be filed by him or in his behalf."   Chapter 410, Laws 1882, § 1813, as amended by chapter 276, Laws 1883.

The majority opinion discussed with some care the scope and meaning of the words "any other lien," and held that it was broad enough to include liens by mortgage or judgment as well as mechanic's liens.

In so holding special stress was laid upon the use of the word "any," and it was clearly pointed out that the words "any other" were broader and more comprehensive than the word "other" which is usually held to apply to things of a similar nature to those already described. People v. Richards, 108 N. Y. 137–150, 15 N. E. 371, 2 Am. St. Rep. 373. In the present statute we have the word "another," which is equivalent to "other." Furthermore, it was quite immaterial in Danziger v. Simonson whether or not a mortgage was included in the words "any other lien" as used in the statute, for in any case the defendant had lost his lien, because he had failed to file a notice of pendency of this action.

It follows that the order appealed from must be reversed, with $10 costs and disbursements to the appellant, and the motion to confirm the report granted, with costs to the Twelfth Ward Bank of the City of New York and John J. Dowling, payable out of the fund. All concur.