### COLEMAN & KRAUS v. BOARD OF EDUCATION OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. August, 1912.)

MUNICIPAL CORPORATIONS (§ 373*)—PUBLIC IMPROVEMENTS—LIENS—ENFORCEMENT—LIMITATIONS.

Under Lien Law (Consol. Laws 1909, c. 33) § 18, providing that, if the lien is for labor or materials furnished for a public improvement, it shall not continue longer than three months from the time of the filing of notice unless an action is commenced to foreclose such lien and notice of the pendency of such action filed, the lien of one who is made a party defendant to a foreclosure action brought within three months is protected by such action and notice of lis pendens filed by the plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

Action by Coleman & Kraus against the Board of Education of the City of New York and others. Decree for plaintiff and for defendant lienors.

Warren McConihe, for plaintiff.

William F. Kimber, for defendant J. F. Walsh Const. Co.

McGuire, Horner & Smith, for defendant Phœnix Soapstone Co.

Fiorello H. La Guardia, for defendants Julius James and Alfred James.

PAGE, J. The principal legal question involved in this case arises in relation to the liens of the defendants Alfred and Julius James.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action was commenced by the plaintiff and a lis pendens filed, and the defendants James filed their answer prior to the expiration of three months from the date of the filing of their liens, but they did not file lis pendens in their own behalf.

The Appellate Division in this department has recently held (Bradley & Sons v. Huber Co., 146 App. Div. 630, 131 N. Y. Supp. 388), where defendants failed to file a lis pendens within three months of the filing of the notice of lien, the lien was lost, and that the lien was not kept alive by the fact that the lienors are made parties defendant in a suit of foreclosure brought by another lienor who files a notice of pendency. The complaint of the plaintiff was dismissed by reason of the fact that their notice of lien was defective, and the court held that under that condition the defendants, not having filed lis pendens, could not litigate their claims further. This case is based upon the authority of Danziger v. Simonson, 116 N. Y. 329, 22 N. E. 570; but as is pointed out in Newman Lumber Co. v. Wemple, 56 Misc. Rep. 168, 173, 107 N. Y. Supp. 318, the language of the consolidation act under which that case was decided was entirely different from that of the present Lien Law, and Justice Clark, in a well-reasoned opinion, held that under the present Lien Law the filing of a lis pendens by the plaintiff satisfied the requirements of the statute as to public as well as private mechanics' liens, and that the defendants do not also have to file lis pendens. This construction is in harmony with the opinion in Brace v. City of Gloversville, 167 N. Y. 452, 60 N. E. 779, and the Court of Appeals in a very recent decision have held in the case of a municipal lien, without discussing the reasons for their holding, that:

"The plaintiff having commenced an action which it has sustained, and having duly filed a lis pendens, and the defendants * * * having each interposed an answer in the action setting up its lien as provided by the Lien Law (Consol. Laws 1909, c. 33), before its lien had expired, it was not necessary for either to commence a further and independent action to foreclose its lien. The statute provides that the court may adjust and determine the equities of all the parties to the action, and the order of priority of the different liens. Lien Law, § 45." Berger Mfg. Co. v. City of New York, 206 N. Y. 24, 32, 99 N. E. 153, 155.

By section 18 of the Lien Law it is provided:

"If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed. * *

There is now no requirement of the statute for the filing of a lis pendens except as a concomitant of the bringing of an action, and, when the Court of Appeals holds that when the lienors are parties defendant in an action to foreclose a similar lien when the plaintiff has filed a lis pendens, it is unnecessary for the defendant to bring an independent action, it necessarily follows that it is not necessary for the defendants to file a lis pendens. I therefore feel that I should follow the decision of the Court of Appeals rather than that of the

136 NEW YORK SUPPLEMENT

Appellate Division and hold that the defendants James did not lose their lien by failure to file a lis pendens.

I find in this case that the plaintiffs performed their contract and have a valid first lien for the balance due on their contract in the sum of $849 and for extra work the sum of $478.62, making a total of $1,328.62, with interest thereon from November 15, 1911, and are entitled to judgment as prayed in the complaint, with costs; that the defendant Alfred James has a valid lien on the sum of $263.41 with interest from December 7, 1911, together with costs; that the defendant Julius James has a valid lien in the sum of $74.21 with interest from December 7, 1911, together with costs.

I find that there was nothing due the subcontractor, Foley, from the defendant J. F. Walsh Construction Company, and that the Phœnix Soapstone Company has no lien, and that their case should therefore be dismissed.

Let findings and a decree in proper form be drawn in accord with this opinion.