JAMES P. CROWLEY et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29815.)

Court of Claims, February 21, 1952.

*Chester M. Bliss* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Douglas S. Rider* of counsel), for defendant.

*Vedder & Crowley* for Deep Rock Oil Company and another, *amici curiæ.*

LAMBIASE, J. Claimants filed this claim to recover for the permanent appropriation by the State of New York of property which they allege they own. The appropriation was made by the State of New York under section 30 of the Highway Law for purposes connected with its highway system. The interest claimed by claimants in the property appropriated is ownership of the surface of the land in the notice of appropriation described and of an oil and gas lease or agreement covering the premises appropriated and other lands, under the terms of which agreement or lease claimants have the right to drill oil and gas wells on the property in said agreement or lease described and to remove gas and oil therefrom upon certain terms and conditions therein set forth.

We are not concerned with the measure of damages for it is not disputed by the State of New York (a) that the market value of the surface ownership of the land appropriated is $400 and that the owners thereof are entitled to that amount; and (b) that the damages sustained by reason of the appropriation of the oil and gas interests involved herein amount to $2,600, making the total damages the sum of $3,000.

It is the contention of the claimants that they are entitled to the full damages of $3,000. The State's position is set forth in its brief submitted herein (p. 2), wherein appears the following: "The sole question involved is whether, under Section 39 of the General Construction Law, the State is liable for the payment of damages for the lease-hold rights, it being declared in said statute that for all purposes, except taxation, lease-holds in oil lands, fixtures, etc., are personal property." It contends that the State is not required to compensate the claimants for such oil and gas rights, and that section 39 aforesaid is determinative of the issue herein. The question presented to us, therefore, is whether claimants may recover the full amount of $3,000 or must be limited in their recovery to the sum of $400.

It has been stipulated that the question of title to the surface ownership of the land appropriated shall not be passed upon by us, and that the question of title thereto be reserved for the title bureau of the office of the Attorney-General of the State of New York.

By written agreement dated March 18, 1941, in which the above-named claimants are styled "Lessees" and the other parties thereto are styled "Lessors", which agreement covers with other property the property appropriated herein, there appears, among other things, the following: "WITNESSETH, That the said Lessors, in consideration of the sum of One Dollar ($1.00), receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the Lessees to be paid, kept and performed, hereby grant, demise, lease and let unto the said Lessees, their heirs and assigns, for the sole and only purpose of mining and operating for oil and gas,".

Said agreement also provides, among other things, that: "IT IS AGREED that this lease shall remain in force for the term of Ten (10) years from the date hereof, and so long thereafter as oil or gas is produced in paying quantities from said tracts of land by Lessees, their heirs or assigns, provided that said tracts of land are so long actively and continuously operated for oil and gas by Lessees, and provided, further, that Lessees perform all the terms and provisions hereof to be performed by Lessees, as hereinafter provided."

Said agreement or lease contains many other provisions usual to this type of agreement or lease which it is not necessary to our discussion to set forth at length.

By deed dated December 2, 1943, and recorded December 23, 1943, in Liber 363 of Deeds at page 343 in the County Clerk's Office of Allegany County, New York, certain lands more particularly therein described and set forth as being 107 acres more or less, were conveyed to claimants. The appropriated parcel consisting of 2.658± acres and more particularly described in the accompanying decision, is part of this conveyance. Said deed contains, among other things, the following:

"Reserving from this conveyance all the petroleum, oil and gas in and under said premises, with the right to operate for and remove the same at any time. * * *

"Subject, however, to a right-of-way heretofore, granted by Elmer W. Peet to the Tidewater Pipe Company, Ltd., dated November 2, 1928 and recorded in Allegany County Clerk's Office at Belmont, New York, June 17, 1929, in Liber 285 of Deeds at page 7.

"Also, subject to a right-of-way heretofore granted by Minnie A. Robinson Adda M. Peet and G. N. Chalker, as Administrator of the estate of Elmer W. Peet, deceased, to the Sloan & Zook

Company, dated May 1, 1937, recorded in Allegany County Clerk's Office at Belmont, New York, on October 1, 1937, in Liber 328 of Deeds at Page 277.

" Further subject to such rights-of-way and restrictions, if any, appearing as of record, and such oil and gas leases as are of record."

Section 39 of the General Construction Law now provides and at the time of the appropriation provided as follows: " 39. *Property, personal.* The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership. Oil wells and all fixtures connected therewith, situate on lands leased for oil purposes and oil interests, and rights held under and by virtue of any lease or contract or other right or license to operate for or produce petroleum oil, shall be deemed personal property for all purposes except taxation."

" Here we have an express provision of the statute making oil wells, fixtures, and oil interests located on leased lands personal property." (*Wagner* v. *Mallory,* 169 N. Y. 501, 505–506.) The State's contention to the contrary, it is not under this statute that we must determine the issue herein. " What the sovereign takes in the exercise of its power, it determines by its own decree." (*Matter of City of New York* [Allen St.], 256 N. Y. 236, 243.) In section 30 of the Highway Law under which the appropriation was made in the instant case, the State of New York has decreed what " property " may be acquired by it for the purposes in said section set forth, and has defined what it means by the word " property " for the taking of which it will pay just compensation. Section 30 aforesaid now provides and at the time of the appropriation provided, in pertinent part as follows:

" 30. *Acquisition by the state of property required for the construction and reconstruction of state highways and structures thereon.*

" 1. (a) Upon the construction, reconstruction or improvement, pursuant to this chapter of a state highway the *property* required therefor may be acquired by the state by appropriation as hereinafter provided.   *   *   *

" 2. \* \* \* The term ' property ' as used in this section is defined to include lands, waters, rights in lands or waters, structures, franchises and interests in land, including lands under water and riparian rights, and any and all other things and rights usually included within the said term and includes also any and all interests in such property less than full title, such as easements permanent or temporary, rights-of-way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable. ´\* \* \*

" 13. Claims for the value of the *property* appropriated and for legal damages caused by any such appropriation may be adjusted by the superintendent of public works, even though a claim has been filed with the court of claims, if the amount thereof can be agreed upon with the owner or owners thereof. Upon making any such adjustment and agreement, the superintendent of public works shall deliver to the comptroller such agreement and a certificate stating the amount due such owner on account of such appropriation of his *property* and the amounts so fixed shall be paid out of the state treasury after audit by the comptroller from moneys appropriated for the construction, reconstruction or improvement of state highways and bridges, but not until there shall have been filed with the comptroller a certificate of the attorney-general showing the person or persons claiming the amount so agreed upon to be legally entitled thereto.

" 14. The owner of any *property,* easements, interests or rights appropriated, may present to the court of claims a claim for the value of such *property* appropriated and for legal damages, as provided by law for the filing of claims with the court of claims. Awards and judgments of the court of claims shall be paid in the same manner as awards and judgments of that court for the acquisition of lands generally and shall be paid out of the state treasury from moneys appropriated for the construction, reconstruction or improvement of state highways and bridges." (Emphasis supplied.)

Section 38 of the General Construction Law defines ,'' property '' as follows: '' The term property includes real and personal property.'' We have borne in mind the definition of '' property '' set forth in said section 38 as well as the provisions of section 39 of the General Construction Law in our examination of section 30 of the Highway Law to interpret it and to determine the legislative intent. It is required of us to give and we have given each word in these statutes its appropriate meaning. (*Danziger* v. *Simonson,* 116 N. Y. 329, 334.) It conse-

quently appears to us that the definition of " property " as contained in section 30 of the Highway Law is broad enough to provide for the payment of the oil and gas rights appropriated herein, and carries out the constitutional mandate (N. Y. Const., art. I, § 7) that " Private property shall not be taken for public use without just compensation."

Therefore, under the particular facts established and not disputed, we have awarded in our accompanying decision the full damages of $3,000.