Desmond, J.
Plaintiff, a charitable corporation which for many years has conducted the Bloomingdale mental hospital in the City of White Plains, sues to restrain defendant State Superintendent of Public Works from attempting to acquire by appropriation for highway purposes a part of plaintiff’s hospital lands. The principal question of law is as to the effect on the Superintendent’s eminent domain powers of chapter 659 of the Laws of 1927 which stands unrepealed on the statute books and reads in pertinent part as follows:
“ Section 1. No street or avenue or road shall hereafter be laid out or opened through or upon any of the lands and premises in the city of White Plains, lying between Mamaroneck avenue, Bloomingdale road, Westchester avenue, North street, the St. Agnes home, land of Daniel Maloney and the Burke foundation, and none of said land shall be taken for any use whenever *106 and so long as the same shall be owned or occupied for hospital purposes by The Society of The New York Hospital, provided, however, that the said The Society of The New York Hospital shall dedicate, without claim or award for damages, for street purposes, the following parcels of land, and shall, in addition thereto, provide one hundred and fifty thousand dollars for the paving and regulating of the street described in said parcels one and two
Passed at the same time as chapter 659 and concurrently signed by the Governor was chapter 653 of the Laws of 1927, also still on the books, which amended the Charter of the City of White Plains and provided that ‘ ‘ It shall be unlawful to open any streets through the grounds belonging to the society of the New York hospital now occupied by Bloomingdale hospital as long as the same is owned or occupied for hospital purposes.” Plaintiff carried out its part of the bargain by conveying to the city the real property described in chapter 659 and by paying over the $150,000 to the City of White Plains.
The Superintendent of Public Works is authorized by sections 30 and 340-b of the Highway Law to appropriate by eminent domain lands for arterial highways including those which will make an interstate connection between the New England Thruway and the New York State Thruway. Section 340-a of the Highway Law authorizes the location of one of those interstate routes as ‘ ‘ passing through or northerly of White Plains”. To carry out these purposes the Superintendent considers it necessary to appropriate a narrow strip of plaintiff’s land, presently vacant but used for hospital purposes, abutting and paralleling a presently existing street.
The parties and all the Judges below agree that since the power of eminent domain is an attribute of sovereignty (Kahlen v. State of New York, 223 N. Y. 383, 391) it cannot be surrendered or permanently alienated (People v. Adirondack Ry. Co., 160 N. Y. 225, 236, 237, affd. 176 U. S. 335; Pennsylvania Hosp. v, Philadelphia, 245 U. S. 20). They differ, however, as to the intent and effect of the 1927 statutes. Plaintiff says that these statutes meaning just what they say forbid so long as they stand unrepealed any taking of any of the hospital’s lands. The hospital corporation does not question the State’s right to terminate that exemption from appropriation but says that *107 none of the later statutes had such an intention or result. The position of the Superintendent, simply stated, is that the 1927 enactments barred action by the City of White Plains only, and, further, that if they did apply to the State, that applicability was ended by the State Highway Law amendments of later years. The Superintendent disclaims any theory that the later-passed statutes repealed the 1927 special acts expressly or by implication. He says, however, that any limitation intended or accomplished in 1927 has been removed by the later legislation.
While all are agreed that eminent domain power cannot be surrendered (People v. Adirondack Ry. Co., 160 N. Y. 225, 236, 237, supra) it still remains that the power is legislative and that it is the Legislature which determines the necessity for and the time and manner of its exercise (Beekman v. Saratoga & Schenectady R. R. Co., 3 Paige Ch. 45, 73). The power lies dormant till used but however long unused may be resumed at the will of the Legislature (Georgia v. Chattanooga, 264 U. S. 472, 480). Bead against the background of those settled principles, the meaning of the two 1927 acts is plain. The Legislature for a consideration paid by the hospital corporation announced its intention not to take any of the hospital lands and forbade the city or anyone else from appropriating them. Such a legislative declaration and mandate continues to express the legislative intent until a contrary intent is displayed.
That brings us to the only remaining question in this case as in Matter of Mayor of City of New York (23 App. Div. 518, 521): has the Legislature withdrawn the mandate it so plainly announced in 19271 The only support for an affirmative answer would be the statutes passed after 1927 authorizing the Superintendent to acquire lands anywhere in the State for highway purposes and especially to make such acquisitions for a route “ passing through or northerly of White Plains ”. But those laws like all statutes authorizing officers of bodies to exercise the right of eminent domain must be “strictly construed ” (Ontario Knitting Co. v. State of New York, 205 N. Y. 409, 416). It is not strict construction of generally worded statutes like these Highway Law sections to read them as wiping off the books the special 1927 statute passed by the Legislature as to specific lands and for a substantial consideration. The Legislature has power at all times to command its agents to *108 take or refrain from taking a particular property. Its positive direction not to take described lands should in reason be can-celled only by an equally plain command or permission to appropriate. There have been enacted over the years other special statutes exempting from condemnation specific properties used for certain purposes (see L. 1892, ch. 230; L. 1915, ch. 606, amdg. Greater New York Charter, § 997; Administrative Code of City of New York, § 199b-3.0; Membership Corporations Law, § 95, and Matter of Board of Street Opening of City of New York, 133 N. Y. 329, 333, 336). Since such exemptions are, though subject to repeal, traditional and valid, public policy requires that their repeal or abrogation be evidenced by clear legislative language. Such language as to plaintiff’s land is not found in any statute. The Legislature may at will discontinue this plaintiff’s exemption but we cannot see where it has done so as yet.
The Superintendent asks us to find such an expression of legislative intent in the sweeping language of section 340-b of the Highway Law which empowers him to acquire any lands he deems necessary for interstate highways “ Notwithstanding any inconsistent provisions of * * * any other law, general or special ”. However, a study of that whole section and especially its reference to “ aforesaid procedures ” convinces us that the Legislature simply meant that, regardless of what procedures were required by other statutes as to other acquisitions these takings for interstate highways should be by the Superintendent, and by no other officer or agency. So read, the “ Notwithstanding ” clause concerns itself with how and by whom these appropriations are to be made. It is not an expression of a legislative intent that these hospital lands are now despite the 1927 law to be subject to condemnation by the Superintendent (see Matter of Mayor of City of New York, 23 App. Div. 518, supra).
The order should be affirmed, with costs. The first and second questions certified should be answered in the negative and the third question certified answered in the affirmative.
Chief Judge Conway and Judges Dye, Fuld, Fboessbl, Van Voobhis and Bubke concur.
Order affirmed, etc.