■ In the Matter of BATH AND HAMMONDSPORT RAILROAD COMPANY, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—Petition unanimously granted with costs and determination annulled. Memorandum: The New York State Department of Environmental Conservation (DEC) seeks to acquire by eminent domain a 3.2-acre parcel of land owned by the petitioner Bath and Hammondsport Railroad Company and situated on the shores of Keuka Lake in the Village of Hammondsport. The State proposed a public boat launch for fishing access and approved the condemnation by a determination of the Commissioner. We find that the DEC lacked the statutory authority to acquire the property by eminent domain for such a purpose and the determinations, therefore, must be annulled (EDPL 207 [C] [2]).

The power of eminent domain is exercised in derogation of individual rights, and statutes delegating the power must be strictly construed *(Society of N. Y. Hosp. v Johnson,* 5 NY2d 102; *Peasley v Reid,* 57 AD2d 998). The power of eminent domain is not to be extended or enlarged by inference or implication *(Schulman v People,* 10 NY2d 249).

The DEC contends that it derives the power to acquire the subject parcel from ECL article 11. While the DEC has been granted the broad power of eminent domain (ECL 3-0305 [1]) and has been charged with "the efficient management of the fish and wildlife resources of the state" (ECL 11-0303 [1]), the power to acquire land for purposes of fish and wildlife management is particularly defined by section 11-2103 (1). That section provides that acquisition of lands for the purpose of establishing public hunting or fishing grounds may be accomplished by "lease, purchase, gift, devise, agreement or otherwise". Mindful that such statutes must be strictly construed, and cognizant of the rule of *ejusdem generis,* we find that the "or otherwise" language of section 11-2103 (1) must be read as meaning other similar, consensual acquisitions *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239 [b]). This conclusion is bolstered by a review of other articles of the ECL which reveal that the power of eminent domain is specifically

reiterated or limited where the power is intended to apply *(see,* ECL 9-0105 [6]; 9-0501 [1]; 15-0311, 45-0113 [1]). Since an acquisition by eminent domain is not authorized under article 11 for a public boat launch for fishing access, the determinations of the Commissioner cannot stand.

Thus viewed, there is no need to address petitioner's other arguments on these proceedings. (EDPL 207.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.