Kaye, J.
(dissenting). I would affirm the unanimous Appellate Division orders granting the petitions to annul the determination of the Department of Environmental Conservation.
I cannot agree that the question is as posed by the majority —"whether the absence. of explicit reference to eminent domain power in ECL 11-2103 precludes the exercise of that power, granted generally to the Commissioner in ECL 3-0305, to condemn land for a public fishing purpose.” (Majority opn, at 436-437.) Nor can I agree that the answer, even to this question, is plain, unambiguous, unmistakable or without doubt, as the majority repeatedly insists.
The difficulty is not simply with what ECL 11-2103 (1) omits, but with what it says: "The department shall have power to acquire by lease, purchase, gift, devise, agreement or otherwise from any sources, lands, waters or lands and waters, or any right or interest therein for the purpose of establishing and maintaining public hunting, trapping and fishing grounds.” Some sections of the ECL expressly gave the Department of Environmental Conservation the power to acquire property by eminent domain; still others were silent on the subject. By contrast, ECL 11-2103 (1) gave the Department power to acquire land for fish and wildlife management only by way of voluntary transfer. That is the meaning of the specific grant of power to acquire by "lease,” "purchase,” "gift,” "devise” and "agreement”. The words "or otherwise” must be read as meaning like in kind to the categories that precede that phrase or it would swallow up the section. We have so held countless times (see, e.g., People v Illardo, 48 NY2d 408, 416; Matter of Bowen v Allen, 13 NY2d 663, affg 17 AD2d 12 [Bergan, P. J.]; Schulman v People, 10 NY2d 249, 256; Daly v Haight, 224 NY 726, affg 170 App Div 469; Philbrick & Brother v Florio Co-op. Assn., 200 NY 526, affg on *443 opn at 137 App Div 613; Matter of Hermance v Board of Supervisors, 71 NY 481, 486-487).
The matter thus is not one of mere omission of eminent domain power from ECL 11-2103 (1) but of the Legislature’s specific grant of only limited acquisition power, now overridden by the court.
While the Legislature’s intent is surely controlling in the interpretation of statutes, in questions of the condemnation power, the Legislature’s expression of its intent is particularly weighty. "One of the most firmly established principles of the law of eminent domain is that the burden is on a party seeking to exercise the power of eminent domain to show a warrant from the legislature either in express terms or by necessary implications.” (1A Nichols, Eminent Domain § 3.213 [3d ed 1985].) Time and again we have recognized that because the power of eminent domain is exercised in derogation of the rights of citizens, statutes that purport to delegate the power must be strictly construed (see, e.g., Society of N. Y. Hosp. v Johnson, 5 NY2d 102, 106-107). The power will not be extended or enlarged by inference or implication (see, Schulman v People, 10 NY2d 249, 255, supra). "Even though there be an apparent grant of the power, if such grant is not clear and explicit * * * the grant will not be implied.” (1A Nichols, op. cit., at 3-84.) If there is a doubt as to whether or not the power exists, it "should be solved adversely to the claim of power.” (Matter of New York & Harlem R. R. Co. v Kip, 46 NY 546, 552; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 293, at 453).
The Legislature may well have intended the eminent domain power conferred by ECL 3-0305 (1) to extend to all lands for all conceivable departmental functions, as the majority now holds; while the predecessor statute (Conservation Law § 13 [1]) began, "[notwithstanding any other provision of this chapter” (majority opn, at 438, n 2), those words have been deleted from ECL 3-0305 (1). The Legislature may well have intended to supersede its restrictive grant in ECL 11-2103 (1) and in the several other sections that similarly bestow only limited acquisition powers on the Department; the majority now sweeps those sections away as "arguably * * * surplus-age.” (Majority opn, at 442.) In neither respect is the legislative intent plain, unambiguous, unmistakable or free from doubt as the majority says. If indeed that is what the Legislature intends, it should say so. Until it does, like the Appellate *444 Division I would read the statutes just as they are written and grant the petitions.*
Chief Judge Wachtler and Judges Simons, Alexander and Titone concur with Judge Hancock, Jr.; Judge Kaye dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs.
In each case: Order reversed, with costs, and matter remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.

 The majority expresses concern that to read the statutes as they are written would largely curtail the State’s power to acquire property for public use of lands and forests, for those sections contain no specific grant of eminent domain power (majority opn, at 441, n 5). That concern is not only irrelevant here but also unfounded. The cited sections do not specifically limit the Department’s power and can be read harmoniously with a broad grant of eminent domain power in ECL 3-0305; ECL 11-2103 cannot.