(December 20, 1991)

1 ASSOCIATION OF SURROGATES AND SUPREME COURT REPORTERS WITHIN THE CITY OF NEW YORK et al., Respondents, v STATE OF NEW YORK et al., Appellants. JOSEPH E. MCDERMOTT et al., Respondents, v STATE OF NEW YORK et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered December 6, 1991, which, *inter alia,* denied the motion of defendants State of New York and Comptroller Edward V. Regan to dismiss the complaints, in which motion defendant Matthew T. Crosson, as Chief Administrator of the Courts of the Unified Court System of the State of New York joined; granted the respective motions of plaintiffs Association of Surrogates and Supreme Court Reporters Within the City of New York and twelve other named Employee Unions, and cross-motion of plaintiffs Joseph E. McDermott and Edward A. Heffernan II for summary judgment; declared State Finance Law § 200 (2-b) (L 1991, ch 166, § 382; ch 171, § 1) unconstitutional under United States Constitution, article I, § 10 (cl 1) and which permanently enjoined enforcement of said statute, unanimously affirmed without costs. The appeal taken by defendants State of New York and Comptroller Edward V. Regan from the order of said court and Justice entered on November 29, 1991 is dismissed as subsumed in the appeal from the aforesaid order and judgment (one paper) entered December 6, 1991. Leave to appeal to the Court of Appeals, as requested at argument, is hereby granted.

Defendants attempted, by Legislative amendments to State Finance Law § 200 (2-b), to effect a five-day lag payroll upon both represented and unrepresented non-judicial employees so as to offset State budget shortfalls for the year 1991-1992. A prior lag payroll of the same type was imposed upon similarly situated employees for the year 1990-1991, which was deemed invalid as violative of the Contract Clause of the United States Constitution. *(Association of Surrogates & Supreme Ct. Reporters v State of New York,* 940 F2d 766; *Matter of Quirk v Regan,* 148 Misc 2d 300; *Matter of McDermott v Unified Ct. Sys.,* Sup Ct, Albany County, June 21, 1991.) Defendants invoke authority to impose this subsequent deferred payroll statute upon the fact that the contracts with the respective plaintiff unions had expired March 31, 1991.

The court below properly relied upon the continuation of benefits clause of Civil Service Law § 209-a (1) (e), concluding that plaintiffs' contractual rights continue even after expira-

tion of the collective bargaining agreements in question. We reject defendants' claim that the continuation of benefits clause gives rise to statutory rights which may be repealed by subsequent legislation rather than contractual rights which are afforded protection under the Contract Clause of the Federal Constitution. The obligations established here were created by contract between the parties. Civil Service Law § 209-a (1) (e), requires a continuation of those benefits grounded and arising from contract *(see, United States Trust Co. v New Jersey,* 431 US 1, 17, n 14). Because this continuation of benefits clause affects post-expiration of contract rights, it is not in conflict with Civil Service Law §§ 201 (12), 204 (3) or 204-a (1), which are related to pre-collective bargaining agreement requirements. Nor do we find the continuation of benefits clause repealed or modified by the deferred lag payroll statute since there is neither an express repeal or convincing language from which an intent to repeal may be found *(Society of N. Y. Hosp. v Johnson,* 5 AD2d 552, *affd* 5 NY2d 102).

We further find that the impairment of contract here was substantial and that the deferred payroll statute may not be justified as a legitimate means of alleviating the State's fiscal crisis *(Association of Surrogates & Supreme Ct. Reporters v State of New York, supra).* Further, a severance of the portions of the statute, affecting unrepresented employees is not warranted. It is most doubtful that the Legislature would have imposed this measure upon unrepresented employees, whose numbers approximate only ten percent of the employees affected, alone *(see, Association of Surrogates & Supreme Ct. Reporters v State of New York,* 778 F Supp 210).

Leave to intervene on behalf of Council 82, AFSCME, AFL-CIO is granted. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Asch, JJ.