### ENTENMAN v. ANDERSON et al.

(Supreme Court, Appellate Division, Second Department.   June 9, 1905.)

MECHANIC'S LIEN—FORECLOSURE—COMPLAINT—SUFFICIENCY.

A complaint to foreclose a mechanic's lien, which contains no averment that the materials for which the lien is claimed were furnished with the consent or at the request of the owner or of his agent, contractor, or subcontractor, or as to who was the owner when the materials were furnished, or what his relations were with the person to whom the plaintiff furnished the materials, or that any of the parties to the action had any interest in the premises when the materials were furnished, is insufficient under the mechanic's lien law, providing that a materialman is entitled to a lien for materials furnished for the improvement of real property with the consent or at the request of the owner or his agent, contractor, or subcontractor.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 494–500.]

Appeal from Special Term, Kings County.

Action by Albert Entenman against Charles E. Anderson, Anna Anderson, and others.   From a judgment overruling demurrer to complaint, Anna Anderson and others appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Bruce R. Duncan, for appellants.
Charles Foley, for respondent.

MILLER, J.   It is impossible to spell out a cause of action from this complaint without indulging in surmise and speculation.   A complaint in an action to foreclose a mechanic's lien should at least allege sufficient facts to show that the lien sought to be foreclosed was a valid lien, and that the interest of the parties sought to be affected was subject to it.   The statute gives a contractor, subcontractor, laborer, or materialman who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor, or subcontractor, a lien, etc.   There is no allegation in this complaint showing that the materials for which the lien is claimed were furnished with the consent or at the request of the owner, or of his agent, contractor, or subcontractor.   There is no allegation in the complaint as to who was the owner at the time the materials were furnished, or what his relations were with the person to whom the plaintiff furnished the materials, and it is not alleged even inferentially that any of the parties to the action had any interest whatever in the premises at the time the materials were furnished. Merely describing the defendant Charles E. Anderson, to whom it is alleged the materials were furnished, as a contractor, is not a sufficient averment to charge the owner, or to indicate that the materials were used pursuant to any contract with the owner.   It is impossible to tell from this complaint whether the pleader intended to charge the defendant Anna Anderson as owner or as a fraudulent grantee.   It is alleged that she is now the owner, but how or when she became such is left to speculation, and what the pleader intended by the allegation in paragraph 8, "that any transfer of said property prior to filing of said lien was not made in good faith, but was fraudulently made to deprive plaintiff of the benefit of the lien law of this state," is impossible of ascertainment.   It may be that the defendant Anna Anderson was the owner at the time the materials were furnished, and that they were furnished to the defendant Charles E. Anderson, and used by him pursuant to a contract between him and said owner; or it may be that before the filing of the notice of lien the defendant Anna Anderson became a fraudulent grantee as to the plaintiff, but it is impossible to tell from this complaint in which character she is sued, and there are no sufficient averments to charge her either as owner or fraudulent grantee.   A defendant is entitled to a complaint which concisely states all of the facts upon which the plaintiff relies, in order that the court may determine whether, assuming all of the facts stated to be true, the complaint states a cause of action.   Every fact stated in this complaint may be true, and yet no cause of action may exist against the defendant Anna Anderson; and, while we construe pleadings liberally, indulging in every inference warranted by fair and reasonable intendment, we cannot carry this indulgence into the realm of speculation.

The interlocutory judgment should be reversed, and the demurrer sustained, with costs, with the usual leave to serve an amended complaint upon payment of costs.  All concur; HOOKER, J., not voting.