AMERICAN HARDWARE CORPORATION OF NEW YORK, Appellant, *v.* JOHN L. LYTTLE, as Trustee in Bankruptcy of CHARLES H. PECKWORTH et al., Defendant.

NEW YORK COUNTY NATIONAL BANK, Respondent, and EDWARD F. CALDWELL et al., Appellants.

**Lien Law — filing statement of an assignment of a building contract — when such statement complies with section 15 of the Lien Law.**

A statement filed with a county clerk of an assignment of a contract which sets out its date, names of the parties, nature of the work, location of the improvement, the total contract price, amount already paid, and the balance, which will thereafter fall due from time to time, complies with the requirements of section 15 of the Lien Law (Cons. Laws, ch. 33). There is no need that the assignment and the contract be filed as separate papers. (*Barrett* v. *Schaefer*, 162 App. Div. 52; 217 N. Y. 722, distinguished.)

*American Hardware Corp.* v. *Lyttle*, 170 App. Div. 907, affirmed.

(Argued December 14, 1917; decided January 8, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 3, 1915, affirming a judgment in favor of defendant, respondent, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank M. Avery, Henry W. Eaton* and *Ralph Copland* for appellant. The assignment from Peckworth to the respondent, the New York County National Bank, is not valid as against the appellants, mechanics' lienors, for the reason that neither the contract, nor a copy thereof, nor a statement containing the substance thereof, was filed in the office of the county clerk. (L. 1909, ch. 38, § 15; *Barrett* v. *Schaefer*, 162 App. Div. 52;

217 N. Y. 722; *Smith & Co.* v. *Douglas*, 165 App. Div. 707; *Hermann & Grace Co.* v. *City of New York*, 130 App. Div. 531; *Mahley* v. *German Bank*, 174 N. Y. 499; *Van Kennall R. D. Co.* v. *Astor*, 119 App. Div. 214; *Matter of Ives*, 155 App. Div. 670; *L. Nat. Bank* v. *Pierce Co.*, 98 Misc. Rep. 328.) The law required the respondent, in order that its assignment should have effect and be enforceable as against the mechanics' liens of the appellants, to file the contract, or a copy, or a statement containing the substance thereof, and the assignment, or a copy of each. (*Barrett* v. *Schaefer*, 162 App. Div. 52.)

*L. Laflin Kellogg* and *William K. Hartpence* for respondent. The assignment of the New York County National Bank was proper in form, was properly filed, and the respondent was clearly entitled to judgment for the entire amount conceded to be due from the owner. (*Hurley* v. *Tucker*, 128 App. Div. 580; 198 N. Y. 534; *C. Nat. Bank* v. *Lowder*, 141 Mo. App. 603; *Chandler Lumber Co.* v. *Fehlan*, 137 Wis. 204; *Jewell* v. *McKay*, 82 Cal. 144; *Dobson* v. *Thurman*, 101 S. W. Rep. 310; *Dixon* v. *Sturgeon*, 6 S. & R. 25.)

CARDOZO, J. This is an action for the foreclosure of mechanics' liens. One Peckworth had a contract with the New York Central Railroad to build a passenger station at Yonkers. While the work was in progress, he assigned to the New York County National Bank the moneys then due or thereafter to fall due under the contract. The assignment was filed in the office of the county clerk before the filing of any lien. Whether there has been compliance with section 15 of the Lien Law (Consol. Laws, ch. 33) is the question to be determined.

That section provides that no assignment of such a contract, " or of the money or any part thereof due or to become due therefor," shall be valid " until the contract or a statement containing the substance thereof

and such assignment or a copy of each," shall be filed in the office of the clerk of the county where the property is situated. We think this assignment does contain a statement of the substance of the contract; and hence that the statute has been obeyed. It states by way of preamble the date of the contract; the names of the parties; the nature of the work; the location of the improvement; the total contract price; the amount already paid; and the balance which will thereafter fall due from time to time. No lienor finding this instrument of record could fail to identify the subject-matter assigned. There was no need for him to inquire elsewhere. The outlines of the contract, the distinctive features which marked it off from others, were there, spread out before him. When that is done, the purpose of the statute has been satisfied. The purpose is to give warning to lienors that the fund has been diverted. The statement of the substance of the contract must be adapted to the end in view. It must be adequate for warning and for notice. But what is of substance for one purpose may be of no substance for another. Terms of the essence between the parties may be details as to strangers. The statute does not require a statement of the details. It calls for a statement of the substance. We must give to its requirements that reasonable construction which will effectuate its aims (*Edison El. Ill. Co.* v. *Frick Co.,* 221 N. Y. 1).

Nothing to the contrary was decided in *Barrett* v. *Schaefer* (162 App. Div. 52; 217 N. Y. 722). A statement is not sufficient because it embodies names or dates which would enable one who pursued inquiry to discover the substance of the contract. It must identify the substance by force of its own description. The assignment condemned in *Barrett* v. *Schaefer* did not satisfy that test. It did not state the contract with reasonable precision. It provoked inquiry which it did

not answer. Lienors reading it would know that there was a contract, but not what the contract was.

Other grounds of criticism are suggested, but we think they are unfounded. There was no need that the assignment and the contract, or a statement of its substance, be filed as separate papers. It is enough that they were filed. They then fulfilled their function of warning and notice. The legislature did not mean to cripple the common-law rights of assignecs with useless burdens.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.