THE LINCOLN NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, *v.* JOHN PEIRCE COMPANY et al., Defendants, and McCLINTIC-MARSHALL COMPANY et al., Appellants.

**Mechanic's lien — Lien Law, Cons. Laws, ch. 33 — when filing in county clerk's office of duplicate assignment of contract for improvement of real property sufficient compliance with statute — action to foreclose lien — issues litigated in such action — when action to foreclose lien deemed to have been commenced.**

1. The filing in the office of the clerk of the county where the property is situated of a duplicate original assignment of a contract for the improvement of real property which contains its date, the names of the parties thereto and the specific location of the building to be erected thereon, where it provides for the erection of the building complete and assigns all moneys due and to grow due thereon, constitutes a compliance with the provisions of section 15 of the Lien Law (Cons. L., ch. 33) and satisfies the purpose and intent of the legislature as expressed therein.

2. The provisions of section 17 of that law relating to an action to enforce another lien and the continuance of the lien of a person made a defendant therein were not intended to limit the effect of an answer in the nature of a cross-bill by a lienor in any action where there is a full compliance therein with every step to enable such a

defendant to obtain affirmative relief in such action. In such case where the parties necessary for the determination of the questions presented are before the court the new affirmative issues may be retained and determined to avoid a multiplicity of actions, even if the plaintiff's complaint is dismissed.

3. This action was commenced to determine the amount due from the railroad company on its contract for the construction of a building upon its property; to adjudge the amount due the plaintiff on its assignment of such contract; to foreclose all right, title and interest of the defendant in the amount found due from the owner, and for the distribution of said amount and for judgment against the owner and contractor for the amount due to the plaintiff, the assignor of the contract. Lienors were made parties defendant. The defendant appeared in this action and interposed an answer in which it alleged its lien on the real property described in the complaint as a defense and as a counterclaim and for the purpose of the foreclosure of its lien therein, alleged all the facts necessary as in an original action for the foreclosure thereof, and demanded affirmative judgment for foreclosure, and it also filed a *lis pendens* as in an original action to foreclose its lien and served a copy of its answer upon all the parties to the action more than twenty days before the trial. *Held*, that it should be deemed to have commenced an action to foreclose such lien within the meaning of the Lien Law (Code Civ. Pro. § 521; Lien Law, §§ 17, 19).

*Lincoln Nat. Bank* v. *Peirce Co.*, 185 App. Div. 932, affirmed.

(Argued March 9, 1920; decided April 13, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1918, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The New York Central and Hudson River Railroad Company entered into a written contract including detailed plans and specifications with the John Peirce Company October 5, 1914, to furnish all the material and perform all the work and construct for it complete, a building in the city of New York to be known as the Mail Service and Loft Building. After entering into such contract the John Peirce Company for the purpose of obtaining loans and advances from the plaintiff to enable it to perform and complete its contract with the

railroad company assigned all moneys due or to grow due on said contract to the plaintiff by written assignment of which the following is a copy:

" In Consideration of the sum of One Dollar, the receipt of which is hereby acknowledged, we hereby assign, transfer and set over, and by these presents have assigned, transferred and set over unto The Lincoln National Bank of New York, all moneys due, or to grow due in and by virtue of a certain contract made and entered into by and between The New York Central & Hudson River Railroad Company; party of the first part and John Peirce Company, of New York, party of the second part for the delivery of material, labor performed and the erection complete of the Mail Service & Loft Building, 45th and 46th streets, Lexington Avenue and Depew Place, Grand Central Terminal, dated October 5th, 1914, and we hereby authorize and empower said Lincoln National Bank of New York, as our true and lawful attorney irrevocable in our name, place and stead, for the purposes aforesaid, to ask, demand, sue for, attach, levy, recover and receive all such sum and sums of money which now are or may hereafter become due, owing and payable for or on account of all or any of the accounts, dues, debts and demands above assigned, and to receipt therefor, in our name or otherwise, as may be lawfully required."

The railroad company approved the assignment and agreed with the plaintiff to pay over to it thereon the moneys due and to grow due from time to time on the John Peirce Company contract. The plaintiff filed a duplicate original of said assignment in the office of the clerk of the county of New York within ten days after the date thereof. The John Peirce Company entered into many subcontracts relating to the erection complete of said building. The building was completed about September 20, 1915. The plaintiff from time to time advanced money to the John Peirce Company in

large amounts and at the time of the completion of said building there remained due and owing to it from said John Peirce Company about the sum of $72,000.

· Thereafter a large number of persons and corporations filed liens against said real property. Among the corporations which filed liens, the date of filing and amounts respectively were the following: McClintic-Marshall Company, October 9, 1915, $43,085.03; Otis Elevator Company, November 15, 1915, $1,822.20; Baker, Smith & Company, November 23, 1915, $6,885.00; Pietrowski & Konop Company, November 24, 1915, $7,706.25.

This action was commenced in December, 1915, to determine the amount due from the railroad company on its contract with the John Peirce Company; to adjudge the amount due the plaintiff on its said assignment; to foreclose all right, title and interest of the defendants in the amount found · due from the railroad company, and for the distribution of said amount and for judgment against the railroad company and the John Peirce Company for the amount due to the plaintiff.

Twenty-six lienors, among others, were made parties defendant in the action. Upon the trial at the Special Term the court found in favor of the plaintiff and adjudged the amount due from the railroad company to the John Peirce Company on its contract to be $81,712.73 besides certain interest; the amount due the plaintiff from the said John Peirce Company to be $72,000 besides certain interest; and directed that the plaintiff be first paid the amount found due to it from the John·Peirce Company and that after such payment an amount be paid to another lienor about which there is now no controversy, and that the balance remaining after the payment to the plaintiff and said lienor be paid to the defendant McClintic-Marshall Company on its said lien.

Eight of the lienors appealed from said judgment to the Appellate Division, but the judgment was there unanimously affirmed. (*Lincoln National Bank* v. *Peirce*

*Company,* 185 App. Div. 932.) The four defendants named herein as appellants have appealed therefrom to this court.

Each of the appellants in this court served an answer to the complaint and therein alleged all of the facts as claimed by them relating to their liens respectively and asked for the foreclosure of such liens as against the plaintiff and all of the defendants herein. The answers of the appellants were served not only upon the plaintiff but upon their respective codefendants, and all within one year after their respective liens were filed and each of the appellants within said year except the appellant Otis Elevator Company duly filed a *lis pendens* in this action showing the pendency of their respective claims in the form of cross-bills and their demand for affirmative relief in this action.

The appellants Baker, Smith & Company, and Pietrowski & Konop Company and each of them have each year since the filing of their liens respectively obtained and filed orders from the court extending their liens as provided by statute. No extension of lien by order was obtained by the appellants McClintic-Marshall Company or Otis Elevator Company.

*George W. Wickersham* for McClintic-Marshall Company, appellant. The court below erred in not holding that the assignment under which plaintiff, respondent, claims, and was awarded a prior lien upon the balance due from the railroad company to the John Peirce Company, under the contract for the erection of the Mail Service and Loft Building, is invalid, as against this defendant and other subsequent lienors, because of failure to comply with the provisions of section 15 of the Lien Law, by filing with such assignment in the county clerk's office " the contract or a statement containing the substance thereof." (*Lauer* v. *Dunn,* 115 N. Y. 405; *Hurd* v. *Johnson Park Investment Co.,* 13 Misc. Rep. 643; *Bates* v. *Salt Springs Nat. Bank,*

157 N. Y. 322; *Brace* v. *City of Gloversville,* 167 N. Y. 452; *Weaver Hardware Co.* v. *Solomovitz,* 98 Misc. Rep. 413; *N. J. Steel & I. Co.* v. *Robinson,* 85 App. Div. 512; *Mahley* v. *German Bank,* 174 N. Y. 499; *Barrett* v. *Schaefer & Co.,* 162 App. Div. 52; *Am. Hardware Corp.* v. *Lyttle,* 222 N. Y. 201; *Smith & Co.* v. *Douglas,* 165 App. Div. 707; *Van Kannel R. Door Co.* v. *Astor,* 119 App. Div. 214.) The commencement of this action and the service of an answer by this appellant setting up its lien and praying foreclosure thereof, and the filing by it of a notice of pendency of the action, within one year of the date of filing its lien, constituted a compliance with the requirements of the statute, without going through the further formality of securing an order to continue such lien. (Cons. Laws, ch. 33, § 17; *Philbrick* v. *Florio Co-op. Assn.,* 137 App. Div. 613; 200 N. Y. 526; *Mellin* v. *Athens Hotel Co.,* 149 App. Div. 534; *Danziger* v. *Simonson,* 116 N. Y. 329; *Mayer* v. *Killilea,* 63 App. Div. 318; *Gately* v. *Gately,* 169 N. Y. Supp. 280; *Riverside Cont. Co.* v. *City of N. Y.,* 218 N. Y. 596.)

*Charles H. Brodek* for Baker, Smith & Co., appellant. This not being an action to foreclose a mechanic's lien or an action on " another lien," the liens which were not continued by order of the court, within one year after filing, have lapsed and ceased to exist, and as a consequence the lien of appellant Baker, Smith & Co. is the first valid and enforcible lien in the case. (*Danziger* v. *Simonson,* 116 N. Y. 329; *Philbrick & Bro.* v. *Florio Co-op. Assn.,* 137 App. Div. 613; *Riverside Cont. Co.* v. *City of New York,* 218 N. Y. 596; *Uvalde Asphalt Paving Co.* v. *City of New York,* 191 N. Y. 244; *Barrett* v. *Schaefer & Co.,* 162 App. Div. 52; *Roberts* v. *Fowler,* 3 E. D. Smith, 632; *Gately* v. *Gately,* 103 Misc. Rep. 16; *Rollin* v. *Cross,* 45 N. Y. 766; *Tisdale Lumber Co.* v. *Read Realty Co.,* 154 App. Div. 270; *Bates* v. *S. S. Nat. Bank,* 157 N. Y. 322.)

*Maunsell B. Field* for Pietrowski & Konop Company, appellant. The assignment upon which this action is based fails to comply with the requirements of section 15 of the Lien Law and is, therefore, void as to subsequent lienors. (*McComb* v. *Van Ellert*, 7 Misc. Rep. 59; *Clarke* v. *Great Northern Railroad*, 81 Fed. Rep. 282; *Justice* v. *Lang*, 42 N. Y. 493; *Nat. Citizens Bank* v. *Toplitz*, 178 N. Y. 464; *Mahley* v. *German Bank of Buffalo*, 174 N. Y. 499; *Steers Sand & Gravel Co.* v. *Village of Long Beach*, 184 App. Div. 957; *Van Kannel Revolving Door Co.* v. *Astor*, 119 App. Div. 214.) The mechanics' liens which had been filed more than one year prior to the trial, upon which no action had been brought and which had not been extended by order of the court, had lapsed and ceased to exist and were unenforcible and had been discharged by operation of the statute. (*Rollins* v. *Cross*, 45 N. Y. 766; *Tisdale Lumber Co.* v. *Read Realty Co.*, 154 App. Div. 270; *Barrett* v. *Schaefer & Co.*, 162 App. Div. 52; 217 N. Y. 722; *Uvalde A. P. Co.* v. *City of New York*, 191 N. Y. 244; *Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24.)

*Henry L. Brant* for Otis Elevator Company, appellant. The plaintiff's claim in this action, based upon its assignment from the defendant John Peirce Company, a copy of which is annexed to the complaint herein, is invalid as to the lien of the defendant Otis Elevator Company, and is subordinate thereto. (*Barrett* v. *Schaefer & Co.*, 162 App. Div. 52; 217 N. Y. 722; *American Hardware Corp.* v. *Little*, 222 N. Y. 201; *Smith* v. *Douglas*, 165 App. Div. 707; *Van Kannel R. Door Co.* v. *Astor*, 119 App. Div. 214.) There was no necessity for the filing by the Otis Elevator Company of a further and separate *lis pendens*, or for the procuring of any order extending its lien. (*Mellen* v. *Athens Hotel Co.*, 149 App. Div. 534; *Troy P. W. Co.* v. *City of Yonkers*, 68 Misc. Rep. 372.)

*David Gerber, F. W. Pinner* and *I. M. Dittenhoefer* for respondent. The assignment gave the necessary information respecting the date of the contract, the names of the parties to it, the work to be done thereunder, and the place where the building is to be constructed under that contract. The laborer, the materialman and the subcontractor were thereby given every notice and information respecting the particular contract affected by the assignment required by section 15 of the Lien Law. (*Am. Hardware Corp.* v. *Lyttle,* 222 N. Y. 203; *Smith* v. *Douglas,* 165 App. Div. 707; *Barrett* v. *Schaefer & Co.,* 162 App. Div. 52; 217 N. Y. 722.) This not being an action to foreclose a mechanic's lien, or an action on " another lien," appellants McClintic-Marshall Company and Otis Elevator Company, who failed to secure an order within one year from the filing of their respective liens continuing it, have lost all right to foreclose their liens in this suit. (*Danziger* v. *Simonson,* 116 N. Y. 329; *Riverside Cont. Co.* v. *City of New York,* 218 N. Y. 596; *Liske* v. *Wolf,* 154 App. Div. 233; *Williams Eng. & Cont. Co.* v. *City,* 222 N. Y. 1; *Edison Elec. Ill. Co.* v. *Frick Co.,* 221 N. Y. 1; *Gately* v. *Gately,* 103 Misc. Rep. 16.)

CHASE, J. " No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor,   *   *   * shall be valid, unless the contract   *   *   * or a statement containing the substance thereof and such assignment or a copy of each   *   *   * be filed within ten days after the date of such assignment of contract, or such assignment of money,   *   *   * in the office of the county clerk of the county wherein the real property improved or to be improved is situated,   *   *   * and no such assignment   *   *   * shall have any validity until the same shall have been so filed.   *   *   *." (Mechanics' Lien Law [Consolidated Laws, chap. 33], sec. 15.)

The duplicate original assignment by the John Peirce Company to the plaintiff was made and filed many months before any of the liens were filed. The appellants insist that the filing of said assignment was not a compliance with the statute as quoted. Such assignment to the plaintiff contains the date of the contract, the names of the parties thereto and the specific location where the building is to be erected. It shows that the contract provides for the erection of the building complete and that the assignment to the plaintiff is of all moneys due or to grow due thereon. The substance of the contract between the railroad company and the. John Peirce Company so far as material under the Lien Law to any subcontractor, laborer or materialman, is stated in such assignment. The identity of the contract and its purpose were unmistakable. The defendants were thereby given warning that the entire amount to be paid to the John Peirce Company under the contract had been made payable to the plaintiff herein.

There is no question now between the parties as to any substantial fact affecting lienors in or relating to said contract not shown in the assignment. The filing of such assignment is sufficient to satisfy the purpose and intent of the legislature as expressed in section 15 of the Lien Law as quoted. (*American Hardware Corporation* v. *Lyttle,* 222 N. Y. 201; *Edison Elec. Illuminating Co. of Brooklyn* v. *Frick Co.,* 221 N. Y. 1; *Williams Engineering & Contracting Co.* v. *City of New York,* 222 N. Y. 1.)

Our conclusion that the filing of said assignment was a compliance with the provisions of section 15 of the Lien Law makes it unnecessary for us to consider the other points urged by the plaintiff in favor of sustaining the judgment in its behalf.

The only other question requiring our consideration in this opinion relates to that part of the judgment which directs the payment to the appellant McClintic-Marshall Company on its said lien of the balance due

from the railroad company on said contract after paying the plaintiff and one other the amounts directed to be paid to them respectively as provided by the judgment.

The appellants Baker, Smith & Company and Pietrowski & Konop Company urge that the judgment directing such payment to the appellant McClintic-Marshall Company cannot be sustained because this action is not " to enforce another lien " and the said McClintic-Marshall Company failed to obtain an order within one year from the filing of its notice of lien or at any other time from a court of record or judge or justice thereof continuing such lien and that more than one year expired after the filing of said lien before the granting of judgment in this action.

It is provided by section 17 of the Lien Law that " No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, * * * is filed with the county clerk of the county in which the notice of lien is filed, * * * or unless an order be granted within one year from the filing of such notice by a court of record or a judge or justice thereof, continuing such lien, and such lien shall be redocketed as of the date of granting such order and a statement made that such lien is continued by virtue of such order. * * * If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. * * *."

It is further provided by section 19 of the Lien Law: " A lien other than a lien for labor performed or materials furnished for a public improvement specified in this article, may be discharged as follows: * * *

" 2. By failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien, unless an action be begun within the same period to foreclose a mortgage or another mechanic's lien upon the same property or any part thereof and a notice of pendency of such action is filed according to law." ·

This is not an action to foreclose a mortgage and this court has decided that it is not an action to " enforce a lien " within the meaning of the Lien Law. (*Philbrick & Brother* v. *Florio Co-operative Association,* 137 App. Div. 613; affd., on opinion of SCOTT, J., in the Appellate Division, 200 N. Y. 526;· *Riverside Contracting Co.* v. *City of N. Y.,* 218 N. Y. 596.)

We are of the opinion, however, that the McClintic-Marshall Company by appearing in this action and interposing an answer in which it alleges its lien on the real property described in the complaint as a defense and as a counterclaim and for the purpose of the foreclosure of its said lien and therein alleges all the facts necessary as in an original action for the foreclosure thereof, and demands affirmative judgment for the foreclosure of its lien, and it having filed a *lis pendens* also as in an original action to foreclose its lien and having served a copy of its said answer upon all the parties to the action more than twenty days before the trial, should be deemed to have commenced an action to foreclose such lien within the meaning of the Lien Law. (*Mellin* v. *Athens Hotel Co.,* 149 App. Div. 534, 536; Code of Civil Procedure, sec. 521.)

The provisions of section 17 of the Lien Law relating to an action to enforce another lien and the continuance of the lien of a person made a defendant therein were not intended to limit the effect of an answer in the nature of a cross-bill by a lienor in any action where there is a full compliance therein with every step to enable such a defendant to obtain affirmative relief in such action.

24

The affirmative relief asked for by the McClintic-Marshall Company concerns the same general subject-matter as did the relief asked for by the plaintiff and in such case where the parties necessary for the determination of the questions thereby presented are before the court the new affirmative issues may be retained and determined to avoid a multiplicity of actions, even if the plaintiff's complaint is dismissed. (*Coogan* v. *McCarren*, 50 N. J. Eq. 611; *Milwaukee & Minn. R. R. Co.* v. *Chamberlain*, 73 U. S. 748; *Holgate* v. *Eaton*, 116 U. S. 33.)

An affirmance of the judgment of the Appellate Division both as to the plaintiff and the defendant McClintic-Marshall Company, makes it unnecessary for us to consider the many other questions presented on this appeal affecting other parties thereto.

The judgment should be affirmed, with costs to the plaintiff against appellants and with costs to McClintic-Marshall Company against Otis Elevator Company, Baker, Smith & Company and Pietrowski & Konop Company.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.