## In the Matter of ROCHELLE CONSTRUCTION CORP., Bankrupt.

United States District Court
S. D. New York.

June 21, 1957.

Leo E. Sherman, New York City, for petitioner A. H. Karl & Bros. Inc.

Daniel J. Riesner, New York City, for petitioner, the Trustee herein, Ira B. Newell.

McGovern, Vincent & Connelly, New Rochelle, N. Y., for petitioner Dandry Bros.

LEVET, District Judge.

This is a review of a decision by Hon. Arthur J. Doran, Referee in Bankruptcy. The above-entitled bankrupt, Rochelle Construction Corp., was engaged in the business of building homes and the estate of the bankrupt consisted of eight homes located in the City of New Rochelle, Westchester County, New York. A number of creditors filed notices of mechanics' liens in the office of the County Clerk, Westchester County, New York, against various portions of this real estate.

Pursuant to certain orders of the referee dated January 13, 1955, April 22, 1955, and May 27, 1955, and before expiration of the liens aforesaid, the trustee in bankruptcy sold all of the real property referred to free and clear of mechanics' liens and the monies realized upon the sales were held by the trustee and deposited in a separate account. These orders of sale to which eventually all parties acquiesced contain the following provision:

"Ordered, that the monies remaining in the hands of the trustee from the aforesaid sale be deposited by the trustee in his separate account pending the eventual determination of the validity and the extent of the liens herein and that such liens apply to the net proceeds thereof to the extent that said liens are so determined to be valid and applicable thereto."

Thereafter, A. H. Karl & Bros. Inc. and four other creditors who had pre-

viously filed notices of liens refiled their respective liens pursuant to court order. No other creditors who had been lienors refiled their liens.

The petitioners, A. H. Karl & Bros. Inc., Ira B. Newell, trustee, and Dandry Bros., seek review of the referee's order of May 17, 1957, which denied a motion to cancel and discharge the liens of those creditors whose liens had not been renewed and by which he also denied the motion for a further order fixing and determining the validity, extent and applicability of each lien.

The petitioners contend that only those lienors who had renewed their mechanics' liens subsequent to the expiration of the first year are entitled to share as prior secured creditors in this fund. The referee held in effect that the orders of the court vacating the liens upon the real property and transferring the liens to the net proceeds were for the benefit of all the mehcanics' and material lienors who had valid liens on the date of the order, subject to adjustment only as to amount. This it is asserted was error.

The petitioners point out that Section 17 of the Lien Law, of the State of New York, McK.Consol.Laws, c. 33 in effect provides that no lien specified in the statute (art. 2 of the Lien Law) shall be a lien for a longer period than one year after the notice of lien has been filed unless (1) an action is commenced by the lienor to foreclose the lien and a notice of pendency is filed; (2) an order is granted continuing the lien and the lien is redocketed; (3) the commencement of an action to enforce any lien in which the lienor is made a party-defendant and the suitable filing of a notice of pendency in such action. Thus, petitioners contend that the failure of the other lienors to refile their liens results in loss of any preferred status in connection with the fund derived from the sales above mentioned.

With this contention this court is unable to agree. The petitioners rely on In re Willax, 2 Cir., 1937, 93 F.2d 293. However, this case is authority principally for the proposition that the filing of proofs of debts in a composition or extension proceedings with statements that the debts were secured by mechanics' liens is not equivalent to the beginning of an action to foreclose. Therefore, lienors who did not renew the liens or institute a foreclosure proceeding or become parties as defendants to such a foreclosure proceeding under their status as lienors were, after the year had elapsed, not entitled to priority in the proceeds of a sale of the property. Thus, in Willax the period elapsed before the sale, rather than after the sale.

The facts in the instant case more particularly fall within the general doctrine set forth in In re Long Island Properties, 2 Cir., 1944, 143 F.2d 349. It is the opinion of this court that the rights in the real estate of the lienors were transferred to the funds derived from the sales as their respective rights existed at the time of the sales with the same force and effect as if there had been a foreclosure proceeding. The sales by the trustee in bankruptcy pursuant to the terms of the referee's orders were equivalent to the disposition of the real estate by means of a foreclosure proceeding in a state court. The refiling of any liens against real estate which had been sold by the trustee under the circumstances of this case would have been futile. This point was expressed in In re Long Island Properties, supra, as follows:

"We think the district judge rightly held that their status as such was fixed by that order and could not be affected because it chanced that the time for refiling them expired while the bankruptcy proceedings remained pending. The allowance of the claims under the order of October 17 became subject to adjustment only as to amounts when the time for objecting to them expired without any objection being made on any other ground. This established the status of those claims, which thereafter was fixed by the order and no longer depended upon the individual claimants' keep-

ing alive their liens by virtue of which the claims had already been allowed as secured. The effect was a merger of the liens in the order of allowance, and thereafter a re-filing would have been but an idle act for the liens had already served their purpose and their validity was no longer a subject the parties could litigate while the order of October 17, 1941, remained unchanged." At page 352.

Accordingly, the decision of the referee, insofar as he refused to grant priority to the petitioners and others who had refiled, is affirmed. It will be necessary, of course, for the referee to determine the validity and extent of the liens and apply the net proceeds of the same in accordance with such determination and pursuant to this opinion.

It is so ordered.