■ NABER ELECTRIC CORP., Plaintiff, v GEORGE A. FULLER COMPANY, INC., et al., Defendants, LC WHITE PLAINS, LLC, et al., Respondents, and ROCCO J. RUSSO, LTD., Appellant. [879 NYS2d 573]—

In a consolidated action to recover damages, inter alia, for breach of contract and to foreclose mechanics' liens pursuant to Lien Law article 3, the defendant Rocco J. Russo, Ltd., appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 29, 2008, which denied its motion to sever and continue a mechanic's lien foreclosure claim it asserted against the defendants LC White Plains, LLC, and Westchester County Industrial Development Agency and granted the cross motion of the defendants LC White Plains, LLC, and Westchester County Industrial Development Agency, in effect, to dismiss the affirmative defense of the defendant Rocco J. Russo, Ltd., insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In this action, the plaintiff, Naber Electric Corp. (hereinafter Naber), seeks, among other relief, damages for breach of contract and to foreclose mechanics' liens for work allegedly performed at a property owned by the defendants LC White Plains, LLC, and Westchester County Industrial Development Agency (hereinafter the owners). Pursuant to Lien Law § 44, Naber added Rocco J. Russo, Ltd. (hereinafter Russo), as a necessary party to the action due to a notice of mechanic's lien Russo previously had filed against the property. Russo interposed a verified answer asserting its lien in an affirmative defense and demanding judgment on it in the "wherefore" clause.

Russo moved pursuant to CPLR 603 to sever and continue its mechanic's lien foreclosure claim against the owners. The owners opposed the motion and cross-moved, in effect, to dismiss Russo's affirmative defense insofar as asserted against them on the grounds, inter alia, that Russo had waived its lien by failing to commence an action to foreclose the lien within the statutory period and that Russo had failed in its answer to set forth its lien pursuant to Lien Law § 44.

Generally, a mechanic's lien is valid for one year from the date of filing, unless within that time an action is commenced to foreclose the lien or an extension for an additional one year is filed (see Lien Law §§ 17, 19). Pursuant to Lien Law § 44 (5), a lienor like Russo, which has been added as a defendant must set forth his or her lien in his or her answer, unless the complaint admits and no other defendant contests the existence and validity of the defendant's lien, or the defendant lienor will be deemed to have waived the lien (see Lien Law § 44 [5]). Naber did not admit the existence and validity of Russo's lien in its

complaint and, by denying information and belief as to the lien-related allegations, the owners' answer had the effect of denying the existence and validity of Russo's lien (*see* CPLR 3018 [a]). Moreover, Russo's assertion of an affirmative defense does not satisfy the requirement that the lien be "set forth" in the answer (Lien Law § 44 [5]). The statute contemplates that a defendant seek affirmative relief in the nature of a counterclaim and/or cross claim and allege all the facts necessary for the foreclosure of its lien in the original action (*see Lincoln Natl. Bank of N.Y. v Peirce Co.,* 228 NY 359, 369 [1920]). Lien Law § 44 (5), which provides, inter alia, that the allegations in the defendant's answer "shall be deemed denied by the other lienors . . . without the necessity of serving replies," read in conjunction with CPLR 3011 that "[t]here shall be a reply to a counterclaim . . . and an answer to a cross-claim," clearly requires that the defendant set forth its lien as an independent cause of action by way of counterclaim and/or cross claim. The assertion of an affirmative defense does not satisfy this requirement (*see* CPLR 3018 [b]; *see generally McGee v Felter,* 75 Misc 349, 356 [1912], *affd* 154 App Div 957 [1913]). Accordingly, in light of Russo's failure to commence an action foreclosing its lien or to seek an extension within the statutory period, Russo's failure to set forth its lien by way of a counterclaim and/or cross claim within its answer constituted a waiver of the lien (*see* CPLR 3013; Lien Law § 44 [5]; *Entenman v Anderson,* 106 App Div 149, 150 [1905]).

The parties' remaining contentions are without merit. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.