In an action, inter alia, to foreclose a mechanic’s lien, the defendants Deborah Capobianco, individually and as administrator of the estate of Frank Capobianco, Domenico Matteis, and Luigi Ruggiero appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 22, 2012, as denied the motion of the defendant Deborah Capobianco, individually and as administrator of the estate of Frank Capobianco, joined in by the defendants Domenico Matteis and Luigi Ruggiero, pursuant to CPLR 3211 (a) (5), in effect, to dismiss the cause of action to foreclose the mechanic’s lien insofar as asserted against them as time-barred and to vacate an extension of the mechanic’s lien which had been granted in an order of the same court dated May 20, 2010.
Ordered that the order dated June 22, 2012, is affirmed insofar as appealed from, without costs or disbursements.
On June 5, 2009, the respondent filed a notice of mechanic’s lien against the subject property. On May 20, 2010, the respondent obtained an ex parte order extending the mechanic’s lien for a period of one year. On May 13, 2011, before the lien extension expired, the respondent commenced this action, inter alia, to foreclose the mechanic’s lien against, among others, the current and former owners of the subject property, the appellants Deborah Capobianco, individually and as administrator of the estate of Frank Capobianco (hereinafter Deborah), Domenico Matteis, and Luigi Ruggiero. In an order dated June 22, 2012, the Supreme Court, inter alia, denied Deborah’s motion, joined in by Matteis and Ruggiero, pursuant to CPLR 3211 (a) (5), in effect, to dismiss the cause of action to foreclose the mechanic’s lien insofar as asserted against them as time-barred and to vacate the extension of the mechanic’s lien.
“In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired” (Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590, 590 [2013]; see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574, 576 [2013]).
Here, the appellants failed to establish, prima facie, that this *838 action was commenced after the time in which to commence the cause of action to foreclose the mechanic’s lien had expired. A mechanic’s lien is valid for one year from the date of filing, unless within that time an action is commenced to foreclose the lien or an extension for an additional one year period is granted (see Naber Elec. Corp. v George A. Fuller Co., Inc., 62 AD3d 971 [2009]; Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC, 60 AD3d 795, 796 [2009]). In support of the motion, the appellants argued, inter alia, that the lien foreclosure cause of action was time-barred because the action was not commenced within one year of the June 5, 2009, filing of the lien, and that the lien extension granted on May 20, 2010, was void since they did not receive notice of the application for the extension. However, contrary to the appellants’ contention, “an order extending a lien need not be obtained on notice, since it creates no new liability” (Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d 256, 258 [1990]; see Darrow v Morgan, 65 NY 333, 338 [1875]; Matter of Binghamton Masonic Temple v Armor El. Co., 186 AD2d 338 [1992]). Moreover, the appellants failed to establish that Lien Law § 17, which does not require such notice, is unconstitutional (see Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 56 AD2d 30 [1977], affd 43 NY2d 952 [1978]; cf. Connecticut v Doehr, 501 US 1 [1991]). Therefore, the lien extension obtained pursuant to the order dated May 20, 2010, was not void, and the lien foreclosure cause of action was timely interposed on May 13, 2011 (cf. Zoerb & Co. v Young Fire Equip. Co., 134 AD2d 826 [1987]).
The appellants’ remaining contention is not properly before this Court (see Hayes v Barroga-Hayes, 103 AD3d 777, 778 [2013]).
Accordingly, the Supreme Court properly denied the motion pursuant to CPLR 3211 (a) (5), in effect, to dismiss the cause of action to foreclose the mechanic’s lien insofar as asserted against the appellants as time-barred and to vacate the extension of the mechanic’s lien.
Rivera, J.P, Lott, Roman and Hinds-Radix, JJ, concur.