*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                518040
_____

EDWARDS & ZUCK, P.C.,

                    Plaintiff,

          v

CAPPELLI ENTERPRISES, INC.,
     et al.,                            OPINION AND ORDER
                    Appellants,

          and

CIVES CORPORATION,

                    Respondent,
                    et al.,
                    Defendants.

_____


Calendar Date:   October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

                    _____


        DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White
Plains (Patrick M. Reilly of counsel), for appellants.

        Goldberg & Connolly, Rockville Centre (William J. Tinsley
Jr. of counsel), for respondent.

                    _____


Lahtinen, J.

        Appeal from that part of an order of the Supreme Court
(Meddaugh, J.), entered December 31, 2012 in Sullivan County,
which granted a motion by defendant Cives Corporation for leave
to amend its answer by adding a counterclaim and cross claims.

        Numerous mechanic's liens were filed as a result of
substantial unpaid construction costs stemming from a casino-and-

hotel project in Sullivan County that was developed and owned by defendants Cappelli Enterprises, Inc. and Concord Associates, LP (hereinafter collectively referred to as Concord). As relevant here, defendant Cives Corporation – a subcontractor that supplied and installed structural steel – filed a mechanic's lien for nearly $9,000,000 in May 2009, which it later extended for a year to April 2011 and, in 2011, obtained a court-ordered extension to April 25, 2012 (see Lien Law § 17). In March 2011, plaintiff – an engineering firm with a mechanic's lien of over $1,500,000 – commenced this action against Concord and the lienholders seeking, among other relief, to foreclose the liens.

In May 2011, Cives filed its verified answer in which it admitted and set forth its lien, interposed affirmative defenses asserting the priority of its lien and requested judgment determining its lien rights. In August 2012, Cives moved for leave to amend its answer to include a counterclaim against plaintiff and cross claims as to all other defendants seeking to foreclose its lien. Concord opposed the motion arguing, in essence, that Cives had waived its lien as per Lien Law § 44 (5) by failing to assert a counterclaim and/or cross claims in its May 2011 answer and that its lien had since expired on April 25, 2012. Supreme Court granted Cives' motion.[1] Concord appeals.

"[L]eave to amend a pleading 'rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit'" (Bast Hatfield, Inc. v Schalmont Cent. School Dist., 37 AD3d 987, 988 [2007], quoting Berger v Water Commrs. of Town of Waterford, 296 AD2d 649, 649 [2002]; see CPLR 3025 [b]). Here, there is no prejudice or surprise. Cives' lien was alleged in plaintiff's complaint, Cives' answer set forth its lien and purported priority, and the answer requested judgment in its

_____

[1] Supreme Court also granted a separate motion by defendant Lessard Architectural Group to extend its time to serve its answer with cross claims, and granted a motion by Concord to remove and consolidate a separate action by Lessard against Concord that was pending in Westchester County.

favor based on its lien.  Moreover, no disclosure had occurred and, in an effort to avoid a motion, Cives had sent its proposed amended answer to the parties in April 2012.  Concord contends, however, that the proposed amendment – i.e., adding a counterclaim and cross claims – is wholly meritless because Cives had waived its lien and, accordingly, Supreme Court erred in granting Cives' motion.

"The duration of a lien is prescribed by statute and the right to enforce it, like the right to file and create it, is derived therefrom" (Berger Mfg. Co. v City of New York, 206 NY 24, 29 [1912]).  That statutory framework "is remedial in nature and intended to protect those who have directly expended labor and materials to improve real property at the direction of the owner or a general contractor" (West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 157 [1995]; see Matter of Niagara Venture v Sicoli & Massaro, 77 NY2d 175, 180 [1990]).  The law governing mechanic's liens is thus liberally construed to ensure that its purpose is accomplished, and substantial compliance with its provisions is generally sufficient (see Lien Law §§ 23, 40; Greenwich Excavating & Constr., Inc. v Mark J. MacDonald Plumbing & Heating, Inc., 24 AD3d 1147, 1148 [2005]).

Lien Law § 44 (5) provides in pertinent part that "[e]very defendant who is a lienor shall, by answer in the action, set forth his [or her] lien, or he [or she] will be deemed to have waived the same, unless the lien is admitted in the complaint, and not contested by another defendant."  When faced with a case involving this statutory language – albeit as then contained in former Code of Civil Procedure § 3402 – we accorded the language a liberal interpretation to preserve the rights of the lienors (see Kelley Lbr. Co. v Otselic Val. R.R. Co., 136 App Div 146, 148-149 [1909]).  In Kelley, the lienor-plaintiff brought an action to foreclose a lien against the owner and two lienor-defendants.  The lienor-defendants confirmed their liens in their answers and eventually established those liens at trial, but the trial court held that they were not entitled to relief because their answers were insufficient to warrant foreclosure (id. at 148).  We reversed, finding that the lienor-defendants' answers, read in connection with the complaint, were sufficient to preserve their rights (id. at 149).  Similarly, here, at the time

Cives made its motion to amend its answer, plaintiff's complaint, read in conjunction with Cives' answer as well as the other pleadings, constituted a sufficient substantial admission of Cives' lien such that, had the matter gone to trial on those pleadings, Cives' rights would have been preserved under the statutory language as interpreted in Kelley.  Since Cives' lien rights had not been already waived as a matter of law when it made its motion to amend its answer, its proposed counterclaim and cross claims were not wholly devoid of merit.

Although Concord relies upon language in Naber Elec. Corp. v George A. Fuller Co., Inc., (62 AD3d 971 [2009]), we do not read the holding in Naber as broadly as urged by Concord.  That case did not involve a motion to amend where all parties' rights were still preserved by the existing pleadings, but instead involved a motion to sever and bring a separate action against the owners.  Certainly, the better practice is to include any counterclaim and/or cross claims at the time of the original answer and before the lien expires (see id. at 972).  Failure to do so could result in a loss or waiver of lien rights if, for example, the lienor-plaintiff discontinues the original action or the lienor-defendant otherwise attempts to bring an action independent from the original one, as occurred in Naber.  However, since Cives' lien rights were still viable at the time of its motion, and given the liberal interpretation both of the Lien Law and motions to amend pleadings, we are unpersuaded that Supreme Court abused its discretion in granting Cives' motion.

The remaining arguments, to the extent not academic, are unavailing.

Peters, P.J., Garry, Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court